## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## EL PASO DIVISION

| | | |
|---|---|---|
| JIANXIN YANG, | § | |
| | § | |
| *Petitioner*, | § | |
| | § | |
| v. | § | |
| | § | |
| PAMELA JO BONDI, IN HER | § | |
| OFFICIAL CAPACITY AS U.S. | § | |
| ATTORNEY GENERAL; TODD M. | § | |
| LYONS, IN HIS OFFICIAL | § | |
| CAPACITY AS ACTING DIRECTOR, | § | No. 3:26-CV-00510-LS |
| IMMIGRATION AND CUSTOMS | § | |
| ENFORCEMENT; KRISTI NOEM, IN | § | |
| HER OFFICIAL CAPACITY AS | § | |
| SECRETARY OF THE U.S. | § | |
| DEPARTMENT OF HOMELAND | § | |
| SECURITY; MARCOS CHARLES, IN | § | |
| HIS OFFICIAL CAPACITY AS | § | |
| ACTING EXECUTIVE ASSOCIATE | § | |
| DIRECTOR, ENFORCEMENT AND | § | |
| REMOVAL OPERATIONS; AND | § | |
| MARY DE ANDA-YBARRA, IN HER | § | |
| OFFICIAL CAPACITY AS FIELD | § | |
| OFFICE DIRECTOR FOR THE EL | § | |
| PASO FIELD OFFICE, | § | |
| | § | |
| *Respondents*. | § | |

## ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER

Petitioner Jianxin Yang filed a petition for a writ of habeas corpus[1] and a motion for a temporary restraining order.[2] For the following reasons, the Court denies Petitioner's motion.

### I.    LEGAL STANDARD.

Extraordinary injunctive relief will issue only if:

---

[1] ECF No. 2.
[2] ECF No. 6.

(1) there is a substantial likelihood that the movant will prevail on the merits; (2) there is a substantial threat that irreparable harm will result if the injunction is not granted; (3) the threatened injury outweighs the threatened harm to the defendant; and (4) the granting of the preliminary injunction will not disserve the public interest. [3]

When the government is the opposing party, the third and fourth elements merge.[4] The district court has discretion as to whether to grant or deny injunctive relief.[5]

## II.    ANALYSIS.

Petitioner requests a temporary restraining order to prevent his removal from the United States.[6] However, the Court finds that Petitioner has not established a likelihood of success on the merits of his claims.

Petitioner alleges that the Government violated his due process rights under *Zadvydas v. Davis*.[7] "[W]hen an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days."[8] The Supreme Court holds, however, that detention for up to six months to effect the deportation is presumptively reasonable.[9] "After this 6-month period, once the alien provides good reason to believe there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing."[10]

"To carry his burden under *Zadvydas*, [a] [p]etitioner 'must demonstrate that the circumstances of his status, or the existence of particular individual barriers to his repatriation to

---

[3] *Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987).
[4] *Texas v. U.S. Dep't of Homeland Sec.*, 700 F. Supp. 3d 539, 544 (W.D. Tex. 2023) (quoting *Nken v. Holder*, 556 U.S. 418, 435–36 (2009)).
[5] *Apple Barrel Prods., Inc. v. Beard*, 730 F.2d 384, 386 (5th Cir. 1984).
[6] ECF No. 6.
[7] ECF No. 2 at 11–14.
[8] 8 U.S.C. § 1231(a)(1)(A).
[9] *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001).
[10] *Id*.

his country of origin are such that there is no significant likelihood of removal in the reasonably foreseeable future.'"[11] This requires more than "conclusory statements."[12] Petitioner has not demonstrated that there is no significant likelihood of removal in the reasonably foreseeable future. Indeed, Petitioner states that removal is imminent.[13] And re-detention of an alien who was previously released under 8 U.S.C. § 1231 is permitted to enforce a removal order.[14]

Finally, a district court does not have jurisdiction to issue a stay of removal from the United States under 8 U.S.C. § 1252(g), which strips a court of jurisdiction to hear claims "arising from the decision or action by the Attorney General to . . . execute removal orders."[15]

## III.   CONCLUSION.

For the foregoing reasons, Petitioner's motion for a temporary restraining order [ECF No. 6] is denied.

**SO ORDERED**.

**SIGNED** and **ENTERED** on April 7, 2026.

**LEON SCHYDLOWER**
**UNITED STATES DISTRICT JUDGE**

---

[11] *Shah v. Wolf*, No. 3:20-CV-994-C-BH, 2020 WL 4456530, at *3 (N.D. Tex. July 13, 2020) (internal quotations omitted) (quoting *Idowu v. Ridge*, 3:03-CV-1293-R, 2003 WL 21805198, at *4 (N.D. Tex. Aug. 4, 2003)).

[12] *Andrade v. Gonzales*, 459 F.3d 538, 543 (5th Cir. 2006).

[13] ECF No. 6 at 2.

[14] 8 C.F.R. §§ 241.13(i)(2), 241.4(l)(2)(iii).

[15] *See Imran v. Harper*, No. 25-30370, 2026 WL 93131, at *1 (5th Cir. Jan. 13, 2026) (stating that the district court lacked jurisdiction to grant a request for a stay of removal); *Idokogi v. Ashcroft*, 66 F. App'x 526, 2003 WL 21018263, at *1 (5th Cir. 2003) (same); *Fabuluje v. Immigr. and Naturalization Agency*, 244 F.3d 133, 2000 WL 1901410, at *1 (5th Cir. 2000) (same).