# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# EL PASO DIVISION

| | | |
|---|---|---|
| **JIANXIN YANG,**<br><br>***Petitioner*,**<br><br>**v.**<br><br>**PAMELA JO BONDI, IN HER OFFICIAL CAPACITY AS U.S. ATTORNEY GENERAL; TODD M. LYONS, IN HIS OFFICIAL CAPACITY AS ACTING DIRECTOR, IMMIGRATION AND CUSTOMS ENFORCEMENT; KRISTI NOEM, IN HER OFFICIAL CAPACITY AS SECRETARY OF THE U.S. DEPARTMENT OF HOMELAND SECURITY; MARCOS CHARLES, IN HIS OFFICIAL CAPACITY AS ACTING EXECUTIVE ASSOCIATE DIRECTOR, ENFORCEMENT AND REMOVAL OPERATIONS; AND MARY DE ANDA-YBARRA, IN HER OFFICIAL CAPACITY AS FIELD OFFICE DIRECTOR FOR THE EL PASO FIELD OFFICE;**<br><br>***Respondents*.** | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **No. 3:26-CV-00510-LS** |

**ORDER DISMISSING CASE**

The Government notified the Court that Petitioner was removed from the United States and is no longer in custody.[1] Petitioner filed a petition for a writ of habeas corpus challenging Petitioner's detention by Immigration and Customs Enforcement.[2] Because Petitioner is no longer

---

[1] ECF No. 8.
[2] ECF No. 2.

detained by Respondents, the petition is moot.[3] The Court therefore denies Petitioner's writ of habeas corpus, dismisses this case as moot, and all pending motions are denied as moot. **THE CLERK SHALL CLOSE THIS CASE**.

**SO ORDERED**.

**SIGNED** and **ENTERED** on October 21, 2026.

**LEON SCHYDLOWER**
**UNITED STATES DISTRICT JUDGE**

[3] *See Ortez v. Chandler*, 845 F.2d 573, 575 (5th Cir. 1988) (stating that a habeas petition becomes moot when the habeas relief requested can no longer be effected); *Chafin v. Chafin*, 568 U.S. 165, 172 (2013) ("[A] case 'becomes moot only when it is impossible for a court to grant any effectual relief whatever to the prevailing party.'" (citation omitted).